IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| United States of America,<br>          Plaintiff, | )<br>)<br>) | Case No. 8:25mj374 |
| v. | )<br>)<br>) | **Defendant's motion to dismiss complaints under 18 U.S.C. § 3161(b)** |
| Gabriel Hurtado-Cariaco<br>          Defendant. | )<br>) | |

Gabriel Hurtado-Cariaco moves to dismiss the Criminal Complaint [1] and the Amended Criminal Complaint [4] pending against him on the grounds that more than 30 days have passed since his having been arrested and charged and he has not yet been indicted.

1) The first complaint [1] was filed on June 18, 2025. An amended complaint [4] was filed on June 19, 2025. Both complaints articulate that Mr. Hurtado-Cariaco was arrested by federal authorities on June 18, 2025.

2) The Court held an initial appearance on June 20, 2025, *see* Dkt. Entry #16, and conducted a preliminary hearing on June 24, 2025, *see* Dkt. Entry #22.

3) More than 30 days have passed since Gabriel Hurtado-Cariaco was arrested.

4) Section 3161(b) of Title 18, U.S. Code states, in pertinent part, that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

5) Section 3162(a)(1) of Title 18, U.S. Code states, in pertinent part, "[i]f, in the case of any individual against whom a complaint is filed charging such

individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." This section lays out a non-exhaustive list of criteria by which the Court should determine whether the mandatory dismissal should be with or without prejudice, including: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [Chapter 208] and on the administration of justice."

6) The allegations articulated in the complaint are indeed serious. Regarding the most serious charge, however, this Court described probable cause for that offense to be "a very close call." Dkt. Entry # 30, Transcript of June 24, 2025 Preliminary Hearing (hereinafter "TR."), at 59. The Court continued, "I think that there is some question as to whether or not Mr. Hurtado-Cariaco possessed the requisite intent which would be required for an attempted-murder charge." *Id.*

7) There is no evidence as to *why* the United States failed to secure an indictment against Mr. Hurtado-Cariaco within thirty days of his arrest. Grand juries in this district sit regularly.

8) Mr. Hurtado-Cariaco has been detained in the U.S. Marshal's custody for 31 days now without knowing if he will be charged and, if so, what charges he might face. His detention by the Department of Justice has caused him to

miss a previously scheduled, in-person hearing before an Immigration Judge in Denver on July 16, 2025. He now risks being ordered removed *in absentia*. This delay has affected the administration of justice.

WHEREFORE, the complaint(s) in this case – Dkt. Entries #1 and 4 – should be dismissed with prejudice. Gabriel Hurtado-Cariaco demands a speedy trial.

By: /s/ Richard H. McWilliams  
**RICHARD H. McWILLIAMS**  
**Acting Federal Public Defender**  
222 South 15th Street, Ste. 300N  
Omaha, NE 68102  
(402) 221-7896  
Rich_mcwilliams@fd.org